UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  DEC 07 2010

P.M. _____
TIME A.M. _____

C/M

----------------------------------------------------------x

RALPH GIOVACCO,

                              Plaintiff,

                -against-

SUPPORT MAGISTRATE PATRICIA A. HICKEY,
of Richmond County Family Court, in her official
capacity and individually; DAWN MARIE CAPONE,
individually,

                              Defendants.

**MEMORANDUM
DECISION AND ORDER**

10-CV-5389 (BMC)

----------------------------------------------------------x

**COGAN**, District Judge.

Plaintiff, appearing *pro se,* filed the complaint pursuant to 42 U.S.C. § 1983. For the

reasons discussed below, the Court *sua sponte* dismisses the complaint for lack of subject matter

jurisdiction.

## BACKGROUND

Plaintiff alleges that his constitutional rights have been violated by defendant, Patricia A.

Hickey ("Hickey"), a Support Magistrate in Richmond County Family Court. Specifically,

plaintiff alleges that in December 2008, he agreed to pay a certain amount in support payments

under his divorce settlement, and one month later, he applied for a downward modification in

support payments due to his recent unemployment, which Hickey denied. Plaintiff further

alleges that "Dawn Marie Capone pushed for contempt charges and this had Plaintiff to appear[]

in court over 9 times, to be threatened and intimidate[d] by defendant Magistrate Hickey, stating

*'if you did not pay a large amount, you will be incarcerated.'"* Compl. at 2-3, ¶ 10 (emphasis in

original). Plaintiff seeks monetary, injunctive, and declaratory relief.

1

## STANDARD OF REVIEW

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (citation omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Regardless of whether a plaintiff has paid the filing fee or not, a district court may dismiss the case, *sua sponte,* if it determines that the action is frivolous, see Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (*per curiam*), or if it lacks subject matter jurisdiction over the action, see Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235 (2006); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff has invoked this Court's jurisdiction under 42 U.S.C. § 1983. However, because this action concerns solely a domestic relations matter, it falls within an exception to federal jurisdiction. As a general matter, federal courts will not hear cases arising out of domestic relations claims. "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13, 124 S. Ct. 2301 (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206 (1992)); see also Am. Airlines v. Block, 905 F.2d 12, 14 (2d Cir. 1990) ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.").

Here, plaintiff is challenging the state court's refusal to modify his payments under his divorce settlement. Although plaintiff invokes his constitutional rights, the allegations in his complaint solely concern a state law domestic relations matter. See Mitchell-Angel v. Cronin, No. 95-CV-7937, 1996 WL 107300, at *5 (2d Cir. March 8, 1996) (the domestic relations exception "includes civil rights actions directed at challenging the results of domestic relations proceedings"); Schottel v. Kutyba, No. 06-1577-cv, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (plaintiff's "tort claims begin and end in a domestic dispute" and state courts are better suited to that adjudication). Moreover, plaintiff has made no showing as to why the New York state appellate courts are not available for full and fair adjudication of his claims. Accordingly, the Court declines to exercise subject matter jurisdiction and the complaint is dismissed.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
December 7, 2010

3